UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HERMAN KELLY, | ) | CASE NO. 1:06 CV 1440 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITIBANK, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On June 12, 2006, plaintiff pro se Herman Kelly filed this action against Citibank, Key Bank, the law firm of Shermeta & Adams, and National Enterprise Systems. In the Complaint, Plaintiff alleges that his credit card companies refuse to refund overpayments he has made on his accounts. He seeks one million dollars in damages.

## *Background*

As an initial matter, Mr. Kelly's Complaint is disjointed and at times, difficult to decipher. He claims he obtained a credit card from Key Bank in 1996. He contends that at the time, the annual interest rate on his card was supposed to be 5.9% to 12.9% and his maximum balance was supposed to be $ 6,260.00. He contends they agreed to a set a "monthly installment minimum payment" at $14.00 to $33.00. He indicates he sent Key Bank a check for this minimum amount each month.

On October 20, 1996, Key Bank contracted with MBNA to administer its credit card accounts. MBNA offered the Key Bank customers an introductory annual percentage rate of 5.9% on all check cash advances and balance transfers until March 1997. The percentage rate to be applied after March 1997 was to be calculated using the "Variable-Rate Information disclosed in [the] Credit Card Agreement." (Compl. Ex. 10, MBNA letter.) His interest rate on that card was raised to 19.7%.

Mr. Kelly calculates the amount of money he should repay on his loan "over 8 years term period." (Compl. at 3.) He figures that the amount of his "loan" was $ 6,260.00 and, at an interest rate of 19.7%, the total interest payment would be $ 1,218.00 for a total "loan" of $7,387.00. He considered the interest to be "one time added" and that he would not have to pay more than $7,387.00 as long as he did not exceed the credit limit at any point. (Compl. at 3.) Instead of using Mr. Kelly's figures, Key Bank and MBNA charged interest on the outstanding balance each month.[1] After adding together all of his monthly payments from October 1996 until September 2004, he calculates that he has paid a total of $ 11, 808.00 on his credit card charges. Because he has determined that he should never be required to pay more than a total of $ 7,387.00 to Key Bank on this credit card, he asserts he is entitled to a refund in the amount of $ 4,420.00. He indicates he has had similar problems with his Citibank credit card, his TrueValue Hardware Store credit card, and his Gold Mastercard. It appears that when Mr. Kelly determined he had paid a sufficient sum to Citibank, he stopped making monthly payments on his card. The law firm of Shermeta & Adams in Rochester Hills, Michigan sent a letter to him attempting to collect the debt. Mr. Kelly claims

---

[1] Mr. Kelly's Annual Percentage rate was 19.745%. The daily periodic percentage rate was .05410%.

the Defendants have "denied [him]...due process of laws, equal protection of laws, rights to enjoyment of life, double jeopardy laws, access to courts, right to jury trial and rights to enforcement of contract."

### *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Aside from Mr. Kelly's apparent confusion over the nature of a credit card, and a conventional bank or mortgage loan, he fails to state a claim upon which federal jurisdiction can be premised. Mr. Kelly contends that his rights under the United States Constitution have been violated. Because the Constitution does not directly provide for damages, plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. Sanders v. Prentice-Hall Corp. Sys, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of

---

[2]An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

plaintiff's claims, the court construes these claims as arising under 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Generally, to be considered to have acted under color of state law, the defendant must be an employee of a state or local government entity. Citibank, Key Bank, the law firm of Shermeta & Adams, and National Enterprise Systems are all private parties. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974). There are no facts alleged in the complaint which would reasonably suggest that the defendants engaged in conduct which could be characterized as state action. Mr. Kelly cannot sustain a cause of action under 42 U.S.C. § 1983, and no other federal question is apparent on the face of the pleading.

Mr. Kelly also includes causes of action, such as breach of contract, which would arise under state law. To establish federal court jurisdiction based solely on diversity of citizenship, the plaintiff must demonstrate that each of the defendants is a citizen of a state different from the state in which the plaintiff resides, and that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest or costs. 28 U.S.C. § 1332(a); Safeco Ins. Co. of America v. City of White House, Tenn, 36 F.3d 540, 544-45 (6th Cir. 1994). Mr. Kelly indicates that he is a

resident of the State of Michigan. The law firm of Shermeta & Adams is also located in Michigan. Federal jurisdiction, therefore cannot be premised on the diversity of the parties.

### *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

| | |
|---|---|
| August 16, 2006 | s/Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | UNITED STATES DISTRICT JUDGE |

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-5-